FILED
CLERK, U.S. DISTRICT COURT

JUN 11 2024

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GRAHAM HEFNER, <br><br> Defendant. | Case No.  CR 23-58-JFW <br><br> ORDER OF DETENTION <br><br> [Fed. R. Crim. P. 32.1(a)(6); <br> 18 U.S.C. § 3143(a)(1)] |

I.

On June 11, 2024. Defendant Graham Hefner made his initial appearance on the petition for revocation of supervised release and warrant for arrest issued on August 10, 2023. Deputy Federal Public Defender, ("DFPD"), David Menninger, specially appeared for DFPD Ijeoma Eke, who was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Diane Roldan. Defendant submitted on the recommendation of detention in the report prepared by Probation and Pretrial Services.

## II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ the petition alleges that following Defendant's release from custody in July 2023 to begin serving a sentence of probation, Defendant failed to comply with supervised release conditions by failing to report to his probation officer and failing to confirm a change in his residence, and that his whereabouts were unknown.
>
> ☒ Defendant is on probation with the city of Moreno Valley effective March 6, 2024
>
> ☒ Defendant did not submit to an interview with Pretrial Services and has provided no information regarding background and bail resources.

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ allegations in the petition (see above);
>
> ☒ criminal history includes 2023 felony conviction for burglary, a 2023 misdemeanor conviction for theft/embezzlement and a pretrial release condition violation.

## III

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: June 11, 2024

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
